UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALAN J. MEYERS, ROCCO H. COLANERO, and
ALLEN PENLEY, EDDIE WARREN BRIDGES,
on behalf of themselves and a similarly situated class,
and INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE & AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA-UAW,

       Plaintiffs,

vs.                                          Civil Action No. 2:14-cv-2361

DAIMLER TRUCKS NORTH AMERICA,
LLC and DAIMLER TRUCKS NORTH
AMERICA WELFARE BENEFIT PLAN,

       Defendants.

_____

# CLASS ACTION COMPLAINT
_____

Plaintiffs, by their undersigned attorneys, on behalf of themselves and all others similarly situated, bring this class action against defendants Daimler Trucks North America, LLC ("Daimler Trucks") and the Daimler Trucks North America Welfare Benefit Plan, for damages, injunctive, and other relief, alleging the following:

1.    Plaintiffs bring this action on behalf of themselves and as Class Representatives on behalf of a class of similarly situated retirees and surviving spouses, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Count I is brought under '301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. '185, and seeks damages for breach of collective bargaining agreements as well as injunctive relief.   Count II is brought under '502(a)(1)(B) of the Employee

1

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(1)(B), and seeks to recover benefits due and to clarify rights to benefits due the Individual Plaintiffs and the Proposed Plaintiff Class under the Daimler Trucks, Inc. Retiree Welfare Benefit Plan ("Plan"), to remedy a breach of fiduciary duty, as well as attorneys' fees and other relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Count I under §301 of the LMRA, 29 U.S.C. §185. This Court has jurisdiction over Count II under §502(a)(1)(B), §502(a)(3), §502(e), and §502(f) of ERISA, 29 U.S.C. §1132(a)(1)(B), §1132(a)(3), §1132(e), §1132(f), and applicable federal common law. Venue in this judicial district is proper under §301 of LMRA, 29 U.S.C. §185, and §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## PARTIES

3. Individual Class Representative Alan J. Meyers resides in Mountain City, Tennessee. He retired from employment as a quality assurance inspector with Daimler Trucks at its Mount Holly, North Carolina plant in 2008, after 29 years of service, and he and his wife are covered under the Plan.

4. Individual Class Representative Rocco H. Colanero resides in Olive Branch, Mississippi. He retired from employment as a warehouseman with Daimler Trucks at its Memphis, Tennessee parts distribution center in 2013, after 33 years of service, and he is covered under the Plan.

5. Individual Class Representative Allen Penley resides in Iron Station, North Carolina. He retired from employment as a truck assembler with Daimler Trucks at its Mount Holly, North Carolina plant in 2009, after 29 years of service, and he and his wife are covered

under the Plan.

6. Individual Class Representative Eddie Warren Bridges resides in Morrisboro, North Carolina. He retired from employment as a maintenance mechanic with Daimler Trucks at its Gastonia, North Carolina plant in 2010, after 21 years of service, and he and his wife are covered under the Plan.

7. Plaintiff International Union, United Automobile, Aerospace & Agricultural Implement Workers of America-UAW (AUAW@) is an unincorporated association and a labor organization with its headquarters located in the City of Detroit, Michigan. UAW, by itself and through certain of its affiliated chartered local unions, formerly represented, for purposes of collective bargaining, retiree members of the Proposed Plaintiff Class at the time they were employees of Daimler Trucks or its predecessors. The term AUAW@ as used herein shall include the International Union UAW and its affiliated local unions that represented members of the Proposed Plaintiff Class for purposes of collective bargaining at all times relevant to this Complaint.

8. Defendant Daimler Trucks, Inc. is a Delaware corporation, and is a subsidiary of Daimler AG. Daimler Trucks conducts business in the Western District of Tennessee, including at its parts distribution center in Memphis, Tennessee.

9. Defendant Daimler Trucks Retiree Welfare Benefit Plan (APlan@) is an employee welfare benefit plan under Section 3(1) of ERISA, 29 U.S.C. '1002(1). Daimler Trucks is the plan sponsor and plan fiduciary of the Plan.

**CLASS ACTION ALLEGATIONS**

10. The Individual Class Representatives, together with the UAW, bring this class

action on behalf of themselves and other similarly situated persons who are members of the Proposed Plaintiff Class.  The proposed plaintiff Class is comprised of: former employees of Daimler Trucks who were represented by the UAW in collective bargaining and who currently are receiving retiree medical benefits from Daimler Trucks, together with their covered spouses, and the surviving spouses of such former employees who are receiving or eligible to receive medical benefits under the Plan.

11.    The exact number of members of the Proposed Plaintiff Class identified in the preceding paragraph is not presently known, but upon information and belief it exceeds 400 members.   The Proposed Plaintiff Class is so numerous that joinder of individual members in this action is impracticable.

12.    There are common questions of law and fact in the action that relate to and affect the rights of each member of the Proposed Plaintiff Class; and they predominate over any questions affecting only individual members, making a class action superior to other available methods for the fair and efficient adjudication of this case.   The relief sought in this Complaint is common to the entire Proposed Plaintiff Class.

13.    The claims of the Individual Class Representatives are typical of the claims of the Proposed Plaintiff Class they represent, in that the claims of all members of the Proposed Plaintiff Class, including the Individual Class Representatives, depend upon a showing that Daimler Trucks is obligated under ERISA and the LMRA to continue providing them with their current level of vested retiree health care benefits.  There is no conflict between any Class Representative and other members of the Proposed Plaintiff Class with respect to this action.

14.    The Class Representatives are the representative parties of the Proposed Plaintiff

Class, and are able to, and will, fairly and adequately protect the interests of the Class. The attorneys for the Class Representatives are experienced and capable in the field of labor law and ERISA and have successfully prosecuted numerous class actions of a similar nature.

15. Defendant has acted on grounds generally applicable to the Proposed Plaintiff Class, thereby making injunctive and declaratory relief appropriate with respect to the Proposed Plaintiff Class as a whole.

16. This action is properly maintained as a class action in that the prosecution of separate actions by individual members would create a risk of adjudication with respect to individual members which would establish incompatible standards of conduct for the defendants. Further, the prosecution of separate actions by individual Proposed Plaintiff Class members would create a risk of adjudications with respect to individual members of the Proposed Plaintiff Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or which would substantially impair or impede their ability to protect their interests.

## COMMON FACTUAL ALLEGATIONS

17. UAW is a labor organization as defined in '101(5) of the National Labor Relations Act, 29 U.S.C. '152(5). The UAW represented the Individual Class Representatives and the retiree members of the Proposed Plaintiff Class at the time they were employees of Daimler Trucks, in the negotiation and administration of collective bargaining agreements with Daimler Trucks. The Daimler Trucks-UAW collective bargaining agreements covered UAW-represented employees at Daimler Trucks production and parts distribution facilities in, among other places, Memphis, Tennessee; Mt. Holly, Gastonia and High Point, North Carolina; and Gastonia, Georgia,

as well as at other locations across the nation.

18.   UAW and Daimler Trucks entered into a series of collective bargaining agreements in which Daimler Trucks promised continuation of medical benefits during retirement. The collective bargaining agreements between UAW and Daimler Trucks, going back a number of years, promised lifetime continuation of post-retirement medical benefits, including hospital, surgical, medical, prescription drug, dental and vision benefits, paid for by Daimler Trucks, in some cases with contractually specified contributions by retirees, for retirees, their covered spouses and dependents, and surviving spouses of covered retirees, at specified levels.

19.   Daimler Trucks has asserted that the medical benefits covering the Proposed Plaintiff Class are not vested and that it can change or terminate the benefits at any time. Daimler Trucks has informed the UAW that it intends to make changes effective January 1, 2015 that would reduce benefits for the Individual Plaintiffs and the members of the Proposed Plaintiff Class. Such changes, if implemented, would cause significant and irreparable hardship for the Individual Plaintiffs and many members of the Proposed Plaintiff Class, who subsist on fixed incomes and limited means, and who depend on their medical insurance coverage for their health, and in some cases, for their survival.

## COUNT 1

### VIOLATION OF COLLECTIVE BARGAINING AGREEMENTS

20.   Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth in this Count I.

21.   The collective bargaining agreements between the UAW and Daimler Trucks provided for vested lifetime retiree health care benefits to the Individual Class Representatives and

6

Proposed Plaintiff Class members, paid for by Daimler Trucks at levels specified in the agreements.

22. At no time during the terms of the collective bargaining agreements or thereafter did UAW agree that Daimler Trucks would be relieved of its contractual obligation to provide the contractually-agreed upon level of lifetime retiree health care benefits covering the Individual Class Representatives and Proposed Plaintiff Class members.

23. Daimler Trucks= announced intention to reduce and replace the retiree Plan with an inferior plan would, if implemented, breach Daimler Trucks= contractual obligation to provide vested continuation of health care benefits at the contractual level to the Individual Class Representatives and Proposed Plaintiff Class members during retirement.

24. Continuation of health care benefits as agreed to by Defendant is a matter of utmost concern and importance to the Individual Class Representatives and Proposed Plaintiff Class members. Defendant=s stated intention to breach its contractual obligations has caused the Individual Class Representatives and similarly situated Proposed Plaintiff Class members great mental anguish and distress.

## COUNT II

## VIOLATION OF ERISA PLAN AND FIDUCIARY BREACH

25. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth in this Count II.

26. The collectively bargained obligation to provide vested lifetime retiree health care benefits at no cost to the Individual Class Representatives and to the Proposed Plaintiff Class members as described in this Complaint established an Aemployee welfare benefit plan@ within the meaning of '3(3) of ERISA, 29 U.S.C. '1002(3) (Athe Plan@).

27.     Daimler Trucks is or was at relevant times the "plan sponsor" and/or "administrator" of the Plan, within the meaning of §3(16)(A)-(B) of ERISA, 29 U.S.C. §1002(16)(A)-(B).

28.     The Individual Class Representatives and Proposed Plaintiff Class members are "participants" in the Plan, within the meaning of §3(7) of ERISA, 29 U.S.C. §1002(7).

29.     The terms of the Plan require that Daimler Trucks provide vested lifetime retiree health care benefits at the contractual level to the Individual Class Representatives and the Proposed Plaintiff Class members.

30.     Daimler Trucks' announced imposition of benefit reductions, if implemented, will breach its obligations under the Plan.  Further, by implementing significant reductions in retiree health care benefits in violation of the Plan, Daimler Trucks will breach its fiduciary duty as plan fiduciary and administrator of the Plan.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs respectfully request that this Court:

A.     Issue a declaratory judgment pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), and 28 U.S.C. §2201, declaring that defendant Daimler Trucks is obligated under the LMRA and ERISA to provide vested lifetime retiree health care benefits at the contractual level to the Individual Class Representatives and Proposed Plaintiff Class members as set forth in the applicable collective bargaining agreements and in the Plan created thereunder and that it may not implement a reduced plan of benefits in accordance with its stated intention.

B.     Enter a temporary restraining order, preliminary injunction and permanent injunction restraining the defendants from imposing the reductions in benefits described in this Complaint, and restraining Daimler Trucks from otherwise altering the Plan described above.

C. Order Daimler Trucks to reimburse the Individual Class Representatives and Proposed Plaintiff Class members for any losses or costs they incur as a result of its alteration or reduction of Plan benefits, including but not limited to medical expenses incurred and out-of-pocket costs paid.

D. Order Daimler Trucks to pay damages for mental distress and anguish suffered by the Individual Class Representatives and Proposed Plaintiff Class members resulting from its breach and/or threatened breach of its contractual obligation to provide certain health care benefits to the Individual Class Representatives and Class members and of the Plan.

E. Award Plaintiffs their attorneys' fees, punitive damages, and costs incurred in this action.

F. Grant such further relief as may be deemed necessary and proper.

Respectfully Submitted,

SACHS WALDMAN, P.C.

s/Andrew Nickelhoff
Andrew Nickelhoff (P37990)
Mami Kato (P74237)
Attorneys for Individual Plaintiffs
1000 Farmer Street
Detroit, MI 48226
(313) 496-9429
e-mail: anickelhoff@sachswaldman.com

Michael F. Saggau, Associate General Counsel
International Union, UAW
8000 East Jefferson Avenue
Detroit, MI   48214
(313) 926-5216
e-mail:   msaggau@uaw.net
Attorney for UAW

9

                GODWIN, MORRIS, LAURENZI &
                BLOOMFIELD, PC
                <u>s/Samuel Morris</u>
                Samuel Morris
                50 N. Front St., Ste. 800
                P.O. Box 3290
                Memphis, TN 38173-0290
                (901) 528-1702
                e-mail: smorris@gmlblaw.com
                Attorneys for UAW