# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ALAN J. MEYERS, ROCCO H. COLANERO, ALLEN PENLEY, and EDDIE WARREN BRIDGES, on behalf of themselves and a similarly situated class, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA-UAW,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC and DAIMLER TRUCKS NORTH AMERICA WELFARE BENEFITS PLAN,<br><br>    Defendants. | Civ. Action No. 2:14-cv-2361-SHM-tmp<br><br>Hon. Samuel H. Mays, Jr. |

## UNOPPOSED MOTION FOR CLASS COUNSEL ATTORNEYS' FEES AND COSTS

Class Counsel moves for approval of its attorneys fees and costs in this matter, pursuant to Section 14(A) of the Settlement approved by the Court on December 29, 2014 [Dockt. # 53], in the total amount of $126,431.80. Defendants and Plaintiff UAW do not oppose this motion. This motion is supported by the attached Memorandum in Support and Declarations.

                                        Respectfully submitted,

                                        SACHS WALDMAN, P.C.
                                        By:   *s/Andrew Nickelhoff*
                                                 Andrew Nickelhoff (P37990)
                                        Class Counsel
                                        2211 E. Jefferson Ave., Suite 200
                                        Detroit, MI  48207
                                        (313) 496-9429
Dated: January 12, 2015               anickelhoff@sachswaldman.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **ALAN J. MEYERS, ROCCO H. COLANERO, ALLEN PENLEY, and EDDIE WARREN BRIDGES, on behalf of themselves and a similarly situated class, and INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA-UAW,** | Civ. Action No. 2:14-cv-2361-SHM-tmp<br><br>Hon. Samuel H. Mays, Jr. |
| Plaintiffs, | |
| v. | |
| **DAIMLER TRUCKS NORTH AMERICA LLC and DAIMLER TRUCKS NORTH AMERICA WELFARE BENEFITS PLAN,** | |
| Defendants. | |

---

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF
MOTION FOR CLASS COUNSEL ATTORNEYS' FEES AND COSTS**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ......................................................................................................... ii

STATEMENT OF FACTS ........................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................. 2

I.  THE ATTORNEYS FEES AND COSTS REQUESTED ARE REASONABLE AND APPROPRIATE. ........................................................................................................ 2

    A.  The Fees Requested Are Reasonable Under the "Lodestar" Analysis. ................... 2

        1.  The Number of Hours Expended ............................................................... 2

        2.  The Hourly Rates Requested ..................................................................... 3

    B.  Total Amount of Fees and Costs Requested ........................................................... 5

CONCLUSION .............................................................................................................................. 5

# INDEX OF AUTHORITIES

Cases

*Bender v. Newell Window Furnishings, Inc.*,
 (W.D. Mich. March 30, 2012) [Dockt. # 295, pp. 16-17] ......................................................... 3

*Chambers v. NASCO, Inc.*,
 501 U.S. 32 (1991) ................................................................................................................. 3

*Electric Energy, Inc. v. Lambert*,
 2011 U.S. Dist. LEXIS 53018, *12 (W.D. Tenn) ..................................................................... 2

*Imwalle v. Reliance Med. Prods., Inc.*,
 515 F.3d 531 (6th Cir. 2008) ................................................................................................... 2

*In re Stauffer Seeds, Inc.*,
 817 F.2d 47 (8th Cir. 1987) ..................................................................................................... 3

*Leonhardt et al. v. Arvinmeritor, Inc.*,
 U.S.D.C., E.D. Mich. Case No. 04-cv-72845 (October 7, 2008 order) .................................... 4

*Mack Trucks v. Rachilla*,
 (E.D. Pa. Case No 2:07-cv-3737) ............................................................................................ 4

*Poulis v. State Farm Fire and Cas. Co.*,
 747 F.2d 863 (3rd Cir. 1984) ................................................................................................... 3

*UAW v. Chrysler, LLC*,
 U.S.D.C., E.D. Mich. Case No. 07-cv-14310 (May 16, 2008 order) ....................................... 4

*UAW v. Ford Motor Co.*,
 U.S.D.C., E.D. Mich. Case No. 07-cv-14845 (July 7, 2008 order) .......................................... 4

*UAW v. General Motors Corp.*,
 U.S.D.C., E.D. Mich. Case No. 07-cv-14074 (July 31, 2008 order) ........................................ 4

*Weisenberger v. Huecker*,
 593 F.2d 49 (6th Cir. 1979) ..................................................................................................... 3

**STATEMENT OF FACTS**

On December 29, 2014, the court issued a Final Approval Order and Judgment that: certified the Plaintiff Class for final settlement; approved the Settlement and the form of the New VEBA Trust Agreement; approved the initial independent Committee members; dismissed the Class claims with prejudice and retained jurisdiction to decide disputes under the Settlement. (Dock. # 53, 54)  The court also ordered DTNA to pay "Class Counsel's reasonable fees and costs as provided for in section 14(A) of the Settlement Agreement."  The court directed that Class Counsel's motion for attorney fees and expenses be filed within fourteen days of the Order. Section 14(A) of the Settlement Agreement provides:

> Class Action Counsel Fees and Costs. Within 14 days after the Court issues an Approval Order in Meyers, Class Action Counsel will apply to the Court for reimbursement by DTNA of reasonable attorneys fees and litigation costs and reasonable professional fees and expenses incurred by Class Action Counsel with respect to the Meyers litigation, the settlement thereof and negotiation of this Settlement Agreement, obtaining the Approval Order and the attorneys fees award, and defending any appeals.  DTNA will not oppose Class Action Counsel's application for such reasonable fees and costs. DTNA agrees to promptly pay the fees and costs awarded by the Court. [Dock. # 50-3, p. 14]

Defendants and the UAW do not oppose this application for Class Counsel's attorney fees and costs.

## LEGAL ARGUMENT

**I. THE ATTORNEYS FEES AND COSTS REQUESTED ARE REASONABLE AND APPROPRIATE.**

The Settlement provides that DTNA will not oppose an application for its payment of reasonable attorneys fees and costs. DTNA has not disputed that the fees and costs requested by Class Counsel are reasonable. It should be emphasized at the outset that DTNA's obligation under the settlement to reimburse reasonable fees and costs is completely independent of its immediate and ongoing contribution obligations to the New VEBA. In other words, granting of this application will not diminish or impair the promised funding of retiree benefits under the New VEBA.

**A. The Fees Requested Are Reasonable Under the "Lodestar" Analysis.**

The determination of a reasonable attorney fee request begins with the "lodestar" amount – calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Electric Energy, Inc. v. Lambert*, 2011 U.S. Dist. LEXIS 53018, *12 (W.D. Tenn) (copy attached) (citing *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008)). "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Electric Energy, supra* at *12 (quoting *Imwalle, supra* at 552). The lodestar analysis supports the requested fees and costs in this case.

**1. The Number of Hours Expended**

As reflected in the attorneys fee schedule attached as Exhibit A to the Declaration of Andrew Nickelhoff, a total of 246.7 hours of legal services have been provided by Class Counsel to date. The legal work included investigating, researching and initiating this case, preparing and filing legal papers such as the complaint, the motion for class certification, and the joint motions

2

for preliminary and final approval of the settlement. But the bulk of the legal work was devoted to the lengthy and often arduous process of negotiating and drafting the Settlement.[1] Class Counsel's litigation costs, detailed in Nickelhoff Declaration Exhibit A, were not excessive.

### 2. The Hourly Rates Requested

The plaintiffs request an hourly rate of $525 for lead counsel Andrew Nickelhoff, $475 for his partner, Marshall J. Widick, and $300 for Mami Kato, an experienced associate. Mr. Widick is experienced in litigating retiree medical benefit cases. The Declarations of Andrew Nickelhoff and Marshall J. Widick are attached. As documented in the Declaration of Andrew Nickelhoff, the requested hourly rates are within the range of reasonable rates for attorneys of like skill and experience. In class action retiree benefit litigation similar to this case, the District Court for the Western District of Michigan concluded that an hourly rate of $425 per hour for the experienced class counsel in that case arguably reasonable. Based on the Michigan State Bar's annual survey, that hourly lodestar rate was at the 95th percentile for all Michigan practitioners and above the 95th percentile for Grand Rapids, where the attorney practiced. *Bender v. Newell Window Furnishings, Inc.,* (W.D. Mich. March 30, 2012) [Dockt. # 295, pp. 16-17] (unpub., attached to Nickelhoff Declaration as Exhibit B), *affirmed on other grounds*, 560 Fed. Appx. 469 (6th Cir. 2012)(lodestar analysis discussed at 473).[2] The District Court accepted the 2010 hourly rate using

---

[1] Services incurred in preparing this application for attorneys fees and costs also are included. These expenses are recoverable. *Weisenberger v. Huecker*, 593 F.2d 49, 53-54 (6th Cir. 1979); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56-57 (1991) (affirming and quoting from 124 F.R.D. 120, 128 (W.D. La. 1989), where court included costs for bringing sanctions motion within the overall assessment of sanctions). *Accord In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987); *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869 (3rd Cir. 1984).

[2] *2010 Economics of Law Practice Attorney Income and Billing Rates,* (Michigan State Bar,) attached to Nickelhoff Declaration as Exhibit C, p. 9. The District Court then adjusted the reimbursable hourly rate to a lower blended rate to account for the fact that rates would have been lower in the five prior years when much of the work had been done. *Bender v. Newell Window Furnishings, Inc.*, [Dockt. # 295, pp. 16-17].

based on a survey of 2010 rates published by the Michigan State Bar, (see also, mention of that finding in litigation very similar to this, the District Court representing retirees in litigation very similar to this.  A reimbursement rate of $525 per hour for Lead Class Counsel is reasonable under the same analysis.  Almost all of the legal work in this case was performed in 2014.  Based on the State Bar's survey, that rate is slightly below the 95th percentile rate of $550 for downtown Detroit, where Class Counsel practices. *2014 Economics of Law Practice Attorney Income and Billing Rates*, (July 2014, Michigan State Bar)(Nickelhoff Declaration, Exh. D, p. 5) It would be expected that survey rates for 2014, when the work at issue was performed, would be slightly higher.[3]

The court has taken note of the fact that undersigned counsel and his law firm have extensive experience in class actions, labor, employment, and ERISA law.  [Dockt. #53, pp. 7-8] Beyond that, Class Counsel has been able to approach this litigation and settlement with the unique experience and perspective of having handled a number of retiree class action cases as well as having served for several years as legal counsel for a number of retiree medical benefit VEBAs. We believe that this unusual combination of skills and experience provided the Class with significant legal and practical advantages in obtaining a favorable settlement, and justifies attorneys fees at the rates requested.

---

[3]  Undersigned Class Counsel also served as Class Counsel in *Mack Trucks v. Rachilla*, (E.D. Pa. Case No 2:07-cv-3737), a similar retiree medical benefits case.  In that case, the District Court awarded attorneys fees at the hourly lodestar rate of $475 for lead Class Counsel for work performed in 2008 and 2009. (Order and Memorandum attached to Andrew Nickelhoff Declaration as Exhibit E).   Fee awards in several ERISA retiree health benefit class action settlements in the Eastern District of Michigan dating six years ago approved rates of $475 per hour for lead and experienced class counsel and $425 per hour for partner-level co-counsel. *See Leonhardt et al. v. Arvinmeritor, Inc.*, U.S.D.C., E.D. Mich. Case No. 04-cv-72845 (October 7, 2008 order); *UAW v. General Motors Corp.*, U.S.D.C., E.D. Mich. Case No. 07-cv-14074 (July 31, 2008 order); *UAW v. Ford Motor Co.*, U.S.D.C., E.D. Mich. Case No. 07-cv-14845 (July 7, 2008 order); *UAW v. Chrysler, LLC*, U.S.D.C., E.D. Mich. Case No. 07-cv-14310 (May 16, 2008 order).

### B. Total Amount of Fees and Costs Requested

The following is a breakdown of Class Counsel's fees and costs:

**Attorneys Fees**

| | |
|---|---|
| Andrew Nickelhoff | 209.3 hours @ $525.00 |
| Marshall J. Widick | 23.2 hours @ $475.00 |
| Mami Kato | 14.2 hours @ $300.00 |
| Total Fees | $125,162.50 |
| Costs | $   1,269.30 |
| TOTAL | $126,431.80 |

### CONCLUSION

For the reasons stated, Class Counsel respectfully requests that the Court grant this uncontested motion and issue an order for payment by DTNA of attorneys' fees and costs in the total amount of $126,431.80.

Respectfully submitted,

SACHS WALDMAN, P.C.

By:   *s/Andrew Nickelhoff*
Andrew Nickelhoff (P37990)
Class Counsel
2211 E. Jefferson Ave., Suite 200
Detroit, MI 48207
(313) 496-9429
anickelhoff@sachswaldman.com

Dated: January 12, 2015

## CERTIFICATE OF SERVICE

  I hereby certify that on the 12th day of January, 2015, I served the foregoing on counsel of record via the Court's electronic filing system.

                 */s/ Andrew Nickelhoff*
                 ANDREW NICKELHOFF



ELECTRIC ENERGY, INC., Plaintiff, v. JACK LAMBERT, Defendant.

No. 10-2629-STA

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

2011 U.S. Dist. LEXIS 53018

May 17, 2011, Decided
May 17, 2011, Filed

**PRIOR HISTORY:** *Elec. Energy, Inc. v. Lambert,* 2010 U.S. Dist. LEXIS 128003 (W.D. Tenn., Dec. 2, 2010)

**COUNSEL:** [*1] For Electric Energy, Inc., Plaintiff: Thomas H. Lawrence, LAWRENCE & RUSSELL, Memphis, TN.

For Jack Lambert, Defendant: John Womick, PRO HAC VICE, WOMICK & ASSOCIATES, CHTD, Carbondale, IL.

**JUDGES:** S. THOMAS ANDERSON, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** S. THOMAS ANDERSON

**OPINION**

**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS FEES**

Before the Court is Plaintiff Electric Energy, Inc. ("EEI")'s Motion for Attorneys Fees (D.E. # 46) filed on December 15, 2010. Defendant Jack Lambert ("Lambert") has responded in opposition to Plaintiff's Motion. For the reasons set forth below, the Motion is **GRANTED in part, DENIED in part.**

**BACKGROUND**

On August 30, 2010, Plaintiff in its capacity as an ERISA plan filed a Complaint to enforce the terms of the group health insurance plan covering Lambert. Lambert was injured in a motor vehicle accident on May 31, 2005, and subsequently obtained settlement funds from third parties responsible for his injuries. The plan paid $124,185.90 in medical benefits on behalf of Lambert in connection with the injuries he sustained in the automobile accident. The issue presented in this case was whether the plan was entitled to full reimbursement of expenses paid on Lambert's [*2] behalf or whether the Illinois common fund doctrine applied to deduct a proportional share of attorneys fees from the amount of reimbursement Lambert owed the plan. On December 2, 2010, the Court held that the ERISA plan at issue "expressly provides for full reimbursement of recovered expenses without reduction for attorneys fees." [1] Therefore, the Court granted Plaintiff summary judgment.

   1   Order Granting Pl.'s Mot. Summ. J., 11.

In its Motion for Attorneys Fees, Plaintiff seeks an award of attorneys fees pursuant to *29 U.S.C. § 1132(g)(1)* of ERISA. Plaintiff reviews the procedural history of this case, including motions filed by Defendant and subpoenas Defendant caused to be issued through the Illinois state court. Plaintiff contends that the Court would be within its discretion to grant Plaintiff its fees

Case 2:14-cv-02361-SHM-tmp   Document 55   Filed 01/12/15   Page 12 of 16    PageID 707

Page 2
2011 U.S. Dist. LEXIS 53018, *2

incurred in bringing this action. Plaintiff states that it has achieved some success on the merits and argues that all of the relevant factors favor an award of fees under § 1132(g)(1). Additionally, Plaintiff seeks to hold Lambert's attorney, John Womick, jointly and severally liable for the fees pursuant to 28 U.S.C. § 1927, arguing that Womick multiplied the proceedings by filing [*3] meritless motions and having two subpoenas improperly issued. Plaintiff has filed an exhibit itemizing attorneys fees in the amount of $44,736.00 and costs in the amount of $364.46. [2]

> [2] Counsel for Plaintiff originally filed a fee affidavit seeking $54,734.98. Upon inspection, the Court observed that the affidavit listed fees related to the Illinois state court action. The Court instructed counsel to file an amended fee affidavit without any fees connected to the Illinois litigation.

In response to Plaintiff's Motion, Defendant continues to argue that the state court proceedings in Illinois had already resolved the issues presented when Plaintiff filed this case. Specifically, the Illinois court had already declared that the common fund doctrine applied to reduce the plan's reimbursement lien on Lambert's tort recovery. Lambert reiterates his position that the Illinois state court had jurisdiction to decide the reimbursement issue in that case. Based on that prior history, Defendant asserts that rather than appear and be heard at the state court's lien hearing, Plaintiff chose to bring the case at bar without justification. For that reason the Court should deny Plaintiff any attorneys [*4] fees. While not denying that EEI did achieve some degree of success on the merits here, Lambert argues that all of the relevant factors weigh against an award of attorneys fees under § 1132(g)(1). Furthermore, Defendant disputes that his attorney litigated in bad faith and should be liable for any attorneys fees pursuant to 28 U.S.C. § 1927. Finally, Defendant objects without specificity to Plaintiff's requested fees as "inflated and unjustified" and asserts that Plaintiff seeks other costs and expenses besides attorneys fees, which are not recoverable.

**ANALYSIS**

Pursuant to 29 U.S.C. 1132(g)(1), the Court, in its discretion, "may allow a reasonable attorney's fee and costs of action to either party." [3] The Supreme Court has held that "a fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)." [4] A claimant must do more than achieve "trivial success on the merits" or a "purely procedural victor[y]." [5] Rather the requirement is met "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial [*5] or occurred on a central issue." [6] In the case at bar, the Court has granted summary judgment in favor of Plaintiff. Therefore, the Court holds that Plaintiff clearly can show some degree of success on the merits.

> [3] 29 U.S.C. § 1132(g)(1).
> [4] *Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158, 176 L. Ed. 2d 998 (2010) (citation and quotations omitted).
> [5] *Id.*
> [6] *Id.* (citation and quotations omitted).

**I. The *King* Factors**

The Sixth Circuit has adopted a five-factor test to assess whether a district court properly exercises its discretion in awarding fees: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. [7] No single factor is determinative, and thus, the district court must consider each factor before exercising its discretion. [8] Likewise, because they are not statutory and "typically not dispositive," [*6] the factors are "considerations representing a flexible approach." [9] There is no presumption that attorney's fees will be awarded to the prevailing party. [10]

> [7] *Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 376 (6th Cir. 2009); *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir.1985) (establishing the five- factor test).
> [8] *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006).
> [9] *Id.* at 643.
> [10] *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005).

According to Plaintiff all of these factors favor an

award of attorney's fees. First, Plaintiff argues that Defendant litigated the issues presented in bad faith by refusing to abide by the terms of the plan itself and by using the Illinois state court case to subpoena Plaintiff even after the Court had denied a motion to transfer the matter to Illinois. Second, Plaintiff maintains that Lambert has the capacity to satisfy an award of fees from his tort recovery. Third, an award of fees would deter future litigation. On this point Plaintiff again argues that Lambert had no justification to oppose full reimbursement in light of the Seventh Circuit's previous holding about the Illinois common fund [*7] doctrine in *Administrative Committee of Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco.* [11] Fourth, Plaintiff asserts that it brought suit to confer a common benefit on all participants of the plan, to wit, the recovery of funds paid by the plan on Lambert's behalf. Finally, EEI contends that by virtue of its success in every ruling of the Court and ultimately in its motion for summary judgment, EEI's position had more relative merit than Lambert's. Based on these considerations, Plaintiff believes that it is entitled to an award of fees under § 1132(g)(1).

   [11] *338 F.3d 680, 690 (7th Cir. 2003)*.

Defendant responds that none of the *King* factors favors the award of attorney's fees. Defendant maintains that he litigated in good faith reliance on the Illinois common fund doctrine and the Illinois state court's ruling that this doctrine applied to Lambert's recovery. Based on the apparent "conflict of law," it was proper for Lambert to litigate this matter. An award of fees, especially in the amount Plaintiff seeks, would burden Lambert and his attorney without actually deterring other Plan participants from litigating similar issues in the future. Plaintiff's action will [*8] not confer a common benefit on plan participants. Like Defendant, other Plan participants will not benefit from the common fund rule and be forced to bear the full expense of recovering for their personal injuries. Finally, the merits of the case do not favor an award of fees because Lambert had already sought to have Plaintiff's lien adjudicated in state court. For these reasons, Defendant argues that the Court should not award Plaintiff its attorney's fees.

Applying the *King* factors to this case, the Court holds that the balance of the factors favor an award of attorney's fees. First, the Court finds Defendant somewhat culpable based on his continued assertion of untenable legal arguments. Defendant has maintained from the start that regardless of contrary language in the plan, the Illinois common fund doctrine applied in this case to reduce the amount of reimbursement due the plan. The Court acknowledges the Illinois Supreme Court's ruling on the common fund doctrine in *Bishop v. Burgard, 198 Ill. 2d 495, 764 N.E.2d 24, 261 Ill. Dec. 733 (Ill. 2002)*. Taking that ruling in isolation, Defendant had an arguable basis to oppose Plaintiff's claims for relief. However, the Court has held that the Illinois common fund doctrine [*9] would conflict with the plain language of the plan in this case, providing that a participant may not deduct a share of attorney's fees from the reimbursement owed to the plan. Under ERISA, the plan's contractual language must be enforced. As a result, ERISA would preempt Illinois state law, and the plan language controls. The Court has relied in part on *Varco*, the relevant Seventh Circuit authority distinguishing *Bishop*. [12] Defendant has never attempted to show how *Varco* is distinguishable from the facts presented in this case or why *Varco* does not control. Even in response to Plaintiff's Motion for Attorneys Fees, Defendant continues to argue that Illinois law should control and that the Illinois state court had properly adjudicated the lien. Lambert has failed to point the Court to any legal authority either from the Sixth Circuit or the Seventh Circuit that would show Lambert's entitlement to relief. The Sixth Circuit has concluded that "pursuing arguments even after their rejection by the court" is indicative of bad faith. [13] As a result, this first factor favors an award of fees.

   [12] Order Granting Pl.'s Mot. Summ. J., 9 (citing *Varco, 338 F.3d at 690*).
   [13] *Moore v. LaFayette Life Ins. Co., 458 F.3d 416, 445 (6th Cir. 2006)*.

Second, [*10] the Court finds that the opposing party's ability to satisfy an award of attorney's fees weighs in favor of the award. It is undisputed that Defendant recovered $650,000 for his personal injuries. It follows that Defendant has the ability to satisfy some award of fees.

Third, an award will deter other persons under similar circumstances from litigating the same issues in the future. This case was essentially concerned with ERISA's preemption of state law and specifically the effect of ERISA preemption on the Illinois common fund doctrine. To that extent, the results of this case will deter

other litigants in Defendant's position from "unnecessarily expanding the scope and complexity of litigation." [14]

> 14  *Id.* at 446.

Fourth, Plaintiff as the fiduciary of an ERISA plan sought to confer a common benefit on all participants and beneficiaries of the plan. Plaintiff had a fiduciary duty to enforce the clear and unambiguous terms of the plan. As the Court set out in its order granting Plaintiff summary judgment, the plan language at issue "expressly provides for full reimbursement of recovered expenses without reduction for attorneys fees." [15] In so far as Plaintiff brought suit to obtain full [*11] reimbursement owed the plan, Plaintiff sought to confer a common benefit for all of the plan's participants and beneficiaries. Defendant argues that he himself is a plan participant and that the result Plaintiff achieved is contrary to his interests. While the Court agrees with Defendant's premise, the same is true in any case where an ERISA plan seeks reimbursement from a plan participant or beneficiary. In the final analysis, this factor also favors an award of fees.

> 15  Order Granting Pl.'s Mot. Summ. J., 11, Dec. 12, 2010.

Finally, Defendant's legal positions have had less relative merit than Plaintiff's. While Plaintiff has cited the appropriate controlling case law, Defendant continues to emphasize that the law of the state of Illinois controls and that the Illinois state court correctly adjudicated the lien on Lambert's recovery. As previously discussed, Defendant has failed to ever address any of the contrary authority upon which Plaintiff has relied. The Court finds Defendant's continued reliance on inapposite case law to be without merit.

## II. Plaintiff's Claim for Attorney Fees

Based on the *King* factors, the Court finds that an award of attorney fees in favor of Plaintiff is appropriate [*12] in this case. The Court must now determine what amount of fees Plaintiff is entitled to recover. The Sixth Circuit has held that the starting point for determining the amount of a reasonable attorney's fee is the "lodestar" amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. [16] "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." [17] Counsel for Plaintiff has submitted evidence of his hourly rate and the number of hours expended to bring this case to a conclusion. Counsel's affidavit shows that counsel billed most time at the rate of $240.00 per hour and approximately 9.0 hours of time at the rate of $280.00 per hour. The Court finds that these hourly rates are reasonable for the type of legal work and issues involved in this case.

> 16  *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008).
> 17  *Id.* at 552 (citing *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986)).

Having determined the [*13] reasonable hourly rate, the Court's next task is to determine what number of hours is reasonable under the circumstances. The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours and the opposing party has the burden of producing evidence against this reasonableness. [18] If the fee applicant presents inadequate documentation of hours, "the district court may reduce the award accordingly." [19] Because ERISA requires that the amount of fees be "reasonable," the claimant must provide time entries detailed enough to allow the court to evaluate their reasonableness. [20] The Court should exclude from its calculation hours that are "excessive, redundant, or otherwise unnecessary." [21]

> 18  *Dye v. Bellsouth Telecomms., Inc.*, 462 F. Supp. 2d 845, 856 (W.D. Tenn. 2006) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), and *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). The Court observes that these decisions involved an award of fees under Title VII, and not ERISA. The Supreme Court in *Hensley* laid out general standards to follow in making awards of attorney fees under statutes authorizing [*14] such awards to a "prevailing party." *Hensley*, 461 U.S. at 433 n. 7, 103 S.Ct. 1933. Therefore, the Court finds it appropriate to rely on these general standards regardless if the precedent involves Title VII or other federal statutes. *See Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).
> 19  *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933.
> 20  *Id.* at 437 n.12, 103 S.Ct. 1933; *Moore v.*

Case 2:14-cv-02361-SHM-tmp   Document 55   Filed 01/12/15   Page 15 of 16   PageID 710

Page 5
2011 U.S. Dist. LEXIS 53018, *14

*Freeman*, 355 F.3d 558, 566 (6th Cir. 2004); *Brack v. Shoney's, Inc.*, No. 01-2997, 2004 WL 2806495, at *4 (W.D. Tenn. Jul. 29, 2004).

21   *See Hensley*, 461 U.S. at 434, 103 S.Ct. 1933; *Northcross v. Bd. of Educ. of Memphis City Sch.*, 611 F.2d 624, 636 (6th Cir. 1979).

Based on its review of the fee affidavit, the Court finds that the majority of the time documented in this case was reasonable. In his fee affidavit, counsel for Plaintiff has requested fees for a total of 184.90 hours. In all but a few instances, Plaintiff has met its burden to show that the fees requested and hours expended are reasonable by providing adequate time entries. Nevertheless, the Court finds that approximately twenty percent (20%) of counsel's time, that is, thirty-seven (37) hours, was unnecessary in this case. First, Plaintiff has [*15] included time billed for preparing certain motions or briefs which were never actually filed with the Court. The affidavit shows that counsel spent approximately 10.6 hours preparing a motion for a temporary restraining order between August 28 and 29, 2010. However, Plaintiff never filed such a motion with the Court. The affidavit further shows that counsel spent 4.7 hours preparing a response to Defendant's motion for an extension of time in which to respond to the motion for summary judgment. Just like the motion for a temporary restraining order, Plaintiff never actually filed its response brief. The affidavit also includes 2.2 hours spent between October 8 and 9, 2010, preparing a motion for sanctions that was never filed. In all the Court finds counsel spent 17.5 hours on briefs that Plaintiff did not actually submit to the Court. Under the circumstances, the Court finds that this time was not reasonably necessary.

The Court next finds that other time submitted was not reasonably necessary for other reasons. For example, counsel for Plaintiff expended 4.3 hours in preparation of summons and making arrangements to have Defendant Erie Insurance Exchange ("Erie") served in Pennsylvania. [*16] 22 The Court finds this time unnecessary based on the fact that counsel for Plaintiff has not shown any effort to avoid the expense of formal service of process and simply have counsel for Erie accept service. The fee affidavit also shows that counsel for Plaintiff spent approximately 26.5 hours preparing Plaintiff's motion for summary judgment. The Court finds this amount of time somewhat excessive as the memorandum of law numbered only six (6) pages and the statement of facts six (6) more. Counsel has claimed other time (5.5 hours) for clerical tasks such as telephone calls to the Clerk of Court, consulting electronic filing (ECF) procedures, and filing papers with the Court. Although this time was reasonably necessary, the Court finds it unnecessary that this time be billed at the full $240 per hour rate. Elsewhere, the Court finds that in at least one instance, the fee affidavit was not sufficiently detailed. On August 28, 2010, counsel lists 2.0 hours of time and provides the following description: "communication with local counsel and litigation strategy add details." Because the "details" were never "added," the Court finds that counsel has failed to show how these two hours [*17] of time were reasonable.

22   The affidavit includes time for calls to the Tennessee Department of Insurance and efforts to find a process server in Pennsylvania. The record shows that Erie held the settlement funds Lambert obtained in his state court tort action. Plaintiff named Erie as a defendant in this matter for the purpose of having Erie deposit the disputed funds into the registry of the Court. As soon as this was accomplished, Plaintiff voluntarily dismissed Erie as a party. *See* Notice of Voluntary Dismissal, Sept. 24, 2010, D.E. # 18.

Based on these findings, the Court concludes that Plaintiff has met its burden to show the reasonableness of the vast majority of the time listed in counsel's affidavit. To the extent that approximately twenty percent of the time expended was unreasonable, the Court reduces the award of attorney's fees accordingly. Based on counsel's affidavit seeking $ 44,736.00 in attorney's fees less the Court's 20% reduction, the Court awards Plaintiff attorney's fees in the amount of $ 35,788.80.

### III. Plaintiff's Claims for Costs

Plaintiff also seeks costs listed in the affidavit in the amount of $364.46. The costs include expenses for process servers, overnight [*18] delivery, and a Tennessee Department of Insurance filing fee. 23 ERISA expressly provides for an award of costs as well as attorney fees. 24 However, *28 U.S.C. § 1920* generally governs awards of costs under federal law, including ERISA actions, and provides for only specific kinds of costs. 25 *Section 1920* lists the following costs that a prevailing party may recover: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use

in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under *28 U.S.C. § 1923*; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under *28 U.S.C. § 1828*. [26] Plaintiff has not sought an award of any of the costs specified in *§ 1920*. Therefore, Plaintiff's request for an award of costs is **DENIED.**

> 23  *See* Pl.'s Fee Aff. 5, D.E. # 54-1.
> 24  *29 U.S.C. 1132(g)(1)* ("the Court, in its discretion, may allow a reasonable attorney's fee and costs of action to either party").
> 25  *Agredano v. Mut. of Omaha Cos., 75 F.3d 541 (9th Cir. 1996)*; [*19] *O'Bryhim v. Reliance Standard Life Ins. Co., 997 F. Supp. 728, 737 (E.D. Va.1998)*; *Hall v. Ohio Educ. Ass'n, 984 F. Supp. 1144 (S.D. Ohio 1997)*. See also *Fed. R. Civ. Pro. 54(d)(1)*.
> 26  *28 U.S.C. § 1920*.

### IV. Joint and Several Liability of Counsel for Defendant

Plaintiff has further requested that the Court hold counsel for Defendant jointly and severally liable for an award of attorney's fees. Pursuant to *28 U.S.C. § 1927*, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." [27] A *§ 1927* sanction against an attorney may be appropriate even in the absence of any "conscious impropriety." [28] The Sixth Circuit has framed the inquiry as not whether an attorney acted in bad faith but whether "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." [29] In short, the sanction requires "a showing of something less than subjective bad faith, but something more than negligence or incompetence." [30] Additionally, [*20] the Court may as a *§ 1927* sanction hold a party's attorney jointly and severally liable for the prevailing party's attorney's fees. [31]

> 27  *28 U.S.C. § 1927*.
> 28  *Hall v. Liberty Life Assur. Co. of Boston, 595 F.3d 270, 275 (6th Cir. 2010)* (citation omitted).
> 29  *Id. at 275-76* (citation omitted).
> 30  *Id. at 276* (citation omitted).
> 31  *Moore, 458 F.3d at 447* (citation omitted).

The Court does not believe that the *§ 1927* standard is met in this case. It is true that the Court has found that Defendant's legal positions in this case have had less merit than Plaintiff's. The Court does not agree that counsel for Defendant has behaved so "unreasonably and vexatiously" that counsel should be sanctioned under *§ 1927*. Therefore, this request for relief is **DENIED.**

### CONCLUSION

Having determined that an award of attorney fees is warranted in this case, Plaintiff's petition for attorney's fees is **GRANTED.** The Court awards Plaintiff a reasonable attorney's fee in the amount of $35,788.80. Plaintiff's request for costs is **DENIED** as is Plaintiff's request to sanction counsel for Defendant under *28 U.S.C. § 1927*. Therefore, Plaintiff's Motion is **GRANTED in part, DENIED in part.**

**IT IS SO ORDERED.**

/s/ S. Thomas Anderson

S. THOMAS ANDERSON [*21]

UNITED STATES DISTRICT JUDGE

Date: *May 17, 2011.*