IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ALAN J. MEYERS, ROCCO H. )
COLANERO, ALLEN PENLEY, and )
EDDIE WARREN BRIDGES, on behalf )
of themselves and a similarly )
situated class, and )
INTERNATIONAL UNION, UNITED )
AUTOMOBILE, AEROSPACE & )
AGRICULTURAL IMPLEMENT WORKERS )
OF AMERICA-UAW, )    No. 14-2361
 )
    Plaintiffs, )
 )
vs. )
 )
DTNA TRUCKS NORTH AMERICA, LLC )
and DTNA TRUCKS NORTH AMERICA )
WELFARE BENEFIT PLAN, )
 )
    Defendants. )

---

ORDER

---

Before the Court is the unopposed January 12, 2015 Motion for Attorney Fees and Costs (the "Motion"), brought by Class Counsel. (Motion, ECF No. 55.) For the following reasons, the Motion is GRANTED.

**I.  Standard of Review**

The award of attorney fees is within the Court's discretion. <u>Bowling v. Pfizer, Inc.</u>, 102 F.3d 777, 779-80 (6th Cir. 1996). The court should determine the "appropriate method for calculating attorney[] fees in light of the unique

characteristics of class actions in general, and of the unique circumstances of the actual cases before [it]." Id. (internal citation omitted).

"'The primary concern in an attorney fee case is that the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (internal citation omitted). "The trial court's initial point of departure, when calculating a 'reasonable' attorney fee, should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." Id. at 349 (internal citations omitted). "The trial judge may then, within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." Id. (internal citation omitted). "The factors which the district court may consider, either in determining the basic lodestar fee and/or adjustments thereto, include the twelve listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974)."[1] Id. (internal citation omitted).

---

[1] "These factors are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or

**II. Analysis**

Class Counsel seeks $125,162.50 in attorney fees. (ECF No. 55-1 at 4-7.) It has submitted timesheets for Andrew Nickelhoff ("Nickelhoff"), Marshall J. Widick ("Widick"), and Mami Kato ("Kato"). (Id. at 4-6.) Class Counsel seeks $109,882.50 for the 209.3 hours Nickelhoff devoted to the case ($525/hour), $11,020.00 for Widick's 23.2 hours ($475/hour), and $4,260 for Kato's 14.2 hours ($300/hour). (Id. at 4-6.)

The hours spent and hourly rates are reasonable given the complexity of the disputed issues and the Settlement[2], Class Counsel's extensive experience in the governing areas of law[3], and the favorable result achieved. DTNA has agreed to provide hundreds of millions of dollars to fund benefits that the Class Members want and need. The $125,162.50 fee is reasonable in comparison.[4] The fee's reasonableness is confirmed by the fact that the fee cannot diminish the funding of retiree benefits under the New VEBA and, although the fee is in addition to its

---

the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Adcock-Ladd, 227 F.3d at 349 n. 8 (internal citation omitted).

[2] Johnson Factors (2), the novelty and difficulty of the questions presented, and (3), the skill needed to perform the legal service properly, weigh in favor of the fee's reasonableness. Johnson, 488 F.3d at 717-19.

[3] Johnson Factor (9), the experience, reputation, and ability of the attorneys, weighs in favor of the fee's reasonableness. Id.

[4] Johnson Factor (8), the amount involved and the results obtained, weighs in favor of the fee's reasonableness. Id.

obligations to fund the New VEBA, DTNA does not dispute the fee's reasonableness. (Motion at 2.) For the foregoing reasons, the $125,162.50 fee is reasonable.

Class Counsel seeks reimbursement of $1,269.30 for expenses. (ECF No. 55-1 at 7.) No one has objected to the amount of expenses. The Court has reviewed the expenses and they are reasonable.

### III. Conclusion

For the foregoing reasons, the Motion is GRANTED. Class Counsel's requested attorney fees and costs are reasonable. DTNA is ORDERED to pay Class Counsel $126,431.80.

So ordered this <u>14th</u> day of January, 2015.

/s Samuel H. Mays, Jr._____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE